### LANZER & STERN CO. v. MULVIHILL.

(Supreme Court, Appellate Division, Second Department. April 26, 1898.)

APPEAL—REVIEW—CONFLICTING EVIDENCE.

In an action to recover commissions claimed by plaintiff for effecting an alleged exchange of real property, the material question at issue was whether a completed contract for the exchange had actually been entered into by defendant and a third party, and as to this the evidence was conflicting. *Held* that, as there was no such preponderance as to warrant the court in saying the verdict for defendant was against or contrary to the evidence, it should not be disturbed.

Appeal from trial term, Kings county.

Action by the Lanzer & Stern Company against Margaret Mulvihill. From a judgment on a verdict for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George G. Reynolds, for appellant.
James D. Bell, for respondent.

GOODRICH, P. J. The action is brought to recover commissions which the plaintiff claims to have earned by effecting a bargain for the exchange of property belonging to the defendant for property belonging to one Heyman. The defendant's property consisted of four houses on Kosciusko street, and Heyman's property consisted of a plot of lots on Covert and Schaeffer streets, between Reid avenue and Broadway, in Brooklyn. The only material question is whether there was an actual contract made for the exchange. It appeared in evidence, without contradiction, that the plaintiff was

employed by Heyman to make an exchange, and afterwards had interviews with the defendant on the matter; that he gave the defendant one of his business cards, with a diagram on its back, which showed that the plot was 290 feet on Covert street and 80 feet on Schaeffer street; that negotiations about the exchange followed; that, when the parties thereafter met to sign a contract, it appeared that there was a mistake as to the shape and location of the lots, that the longer front was on Schaeffer, and not on Covert, street; that an agreement for the exchange was drawn up, which contained the latter and the correct description, except, possibly, as to one of the side lines, which might have been one or two inches out of the way. There was contradictory evidence as to other parts of the interviews. The plaintiff's evidence tended to show that, at the time of drawing up the written contract, the parties agreed verbally to make the exchange, and only adjourned to have a correct survey as to the two-inch line, and that, upon that being done, the contract was to be deemed complete; while the defendant's evidence tended to show that there was no meeting of the minds of the parties, and that everything was left open and unsettled, and that no contract, verbal or otherwise, was made; that, although a diagram of the plot was contained in the contract, it was not certain that Heyman owned the property laid down thereon; and that this prevented a conclusion of the contract; and that this was material, as property on Covert street was more valuable than property on Schaeffer street. The court, in a charge to which no exception was taken by either party, fairly presented to the jury the questions of fact involved, and the jury rendered a verdict for the defendant. We cannot interfere with the verdict. There was no such preponderance of testimony as to justify us in saying that it was against or contrary to evidence.

The judgment must be affirmed, with costs. All concur.